IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MARK ALLEN MCCONAUGHY,**

    **Plaintiff,**

    vs.

**JEFF FELTON,**

    **Defendant.**

Case No. 2:21-cv-3927

Judge Michael H. Watson

Magistrate Judge Elizabeth P. Deavers

## ORDER AND INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this court for leave to proceed *in forma pauperis*. (ECF No. 1.) Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1]Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff names Jeff Felton as the sole defendant. (ECF No. 1-1, at 1.) Plaintiff's Complaint restated here verbatim alleges, in its entirety, as follows:

> The Defendant, Jeff Felton, being the Director of Belmont County, Ohio Department of Job and Family Services did unlawfully ban my person from stepping foot on the premises under threat of arrest. This first took place in January of 2020 and is still occurring as you read this! After many attempts and warnings

3

> that his behavior/choices was violating my rights … he chose to be arrogant and refused to respect my rights. This refusal, by the Defendant, is based on personal animosity which i have proof of in his defamation of my character to a attorney which then carried this defamation into a court proceeding thus unjustly influencing the judge in that case. To remind the Court of the seriousness of the Defendant's actions … this is also a violation of Title 18 USC Section 242 which is a <u>criminal offense</u> with a minimum of one year in federal prison and investigated by the F.B.I!!! The production of any official explanation showing just cause has been deprived! The Defendant Assistant Director and my caseworkers supervisor will be called as witness but must be called as a hostile witness due to their current employment status. Rights unenforced is <u>not</u> rights at all!!!

(*Id*. at 3.)

Plaintiff states that he brings this action pursuant to 42 U.S.C. § 2000A and seeks "to be awarded $50,000.00 US Dollars in compensation for the violation of my civil rights by Defendant." (*Id*. at 2, 4.)

The Complaint filed in this case is frivolous and fails to state a claim and, therefore, is subject to summary dismissal. First, 18 U.S.C. § 242 is a criminal statute and Plaintiff has no private right of action thereunder. *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003). Further, the extent that Plaintiff states that he is bringing suit pursuant to Title II of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000a, that statute provides that "[a]ll persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation ... without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C. § 2000a(a). Places of public accommodation covered by the statute include, *inter alia*, "any inn, hotel, motel, or other establishment which provides lodging to transient guests." *Id*. § 2000a(b)(1). Title II provides only for injunctive relief, not for monetary damages. 42 U.S.C. § 2000a-3(a); *Washington v. Riverview Hotel, Inc.,* No. 3:19-CV-00097, 2021 WL 1165935, at *6 (M.D. Tenn. Mar. 26, 2021) (citing *Newman v. Piggie Park Enterprises, Inc*., 390 U.S. 400, 402

(1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages.")). Because Plaintiff names as a Defendant an individual and not an entity covered by Title II and seeks only damages, he has not stated a claim for which relief may be granted under Title II. Accordingly, the Court will not consider this claim any further. Beyond this, Plaintiff does not identify with any specificity any additional civil rights that he believes are being violated. Finally, Plaintiff's conclusory allegations of defamation are insufficient to state a claim. *See Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."); *Rizzo v. Wilkie*, No. CV 17-95-DLB-CJS, 2020 WL 6947480, at *5 (E.D. Ky. Nov. 25, 2020) (citing *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)) (even a liberal standard of review requires a plaintiff to assert more than bare legal conclusions).

For all of these reasons, it is **RECOMMENDED** that the Court dismiss all claims against Jeff Felton.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the Complaint in its entirety be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B). It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore, if Plaintiff moves for leave to appeal *in forma pauperis*, that such request be denied. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir.1999), *overruling in part Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

## **PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED:  August 2, 2021

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**